IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDDIE VILLA | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv389 |
| WARDEN, FCC BEAUMONT MEDIUM | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Eddie Villa, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion for summary judgment filed by the respondent (doc. no. 4).

Factual Background

Petitioner complains that the BOP has improperly calculated his Earned Time Credits in accordance with the First Step Act of 2019. He asserts the BOP should award him 420 days of Earned Time Credits.

The Motion for Summary Judgment

The respondent states she is entitled to summary judgment because petitioner has not exhausted his administrative remedies concerning his claim.

In support of the motion for summary judgment, the respondent has submitted a declaration from John P. Rosa, the executive assistant at the Federal Correctional Complex in Beaumont, Texas. Mr. Rosa states that as the executive assistant, he is also the coordinator of the administrative remedy program. Mr. Rosa states, in part, as follows:

> The BOP's Administrative Remedy Program is an internal grievance procedure by which inmates may complain about various aspects of their confinement. The initial step of the formal Administrative Remedy process is for an inmate to submit a

> written Administrative Remedy Request form ("BP-9") to the Warden's Office within 20 calendar days following the date on which the basis for the Request occurred. *See* 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he or she may submit an appeal on the appropriate form ("BP-10") to the Regional Director within 20 calendar days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15. If the inmate is unsatisfied with the Regional Director's response, they may appeal to the Office of General Counsel ("OGC") via a Central Office Administrative Remedy Appeal form ("BP-11"). *See* 28 C.F.R. § 542.15. The BP-11 is the final step in the administrative appeal process and must occur within 30 days of the date the Regional Director signed their response. *Id*.
>
> Upon receipt of an inmate request or appeal as part of the administrative remedy process, a BOP employee acting as an Administrative Remedy Clerk shall stamp the form with the date it was received and log the form into SENTRY [which contains inmate information, including tracking information of administrative remedies filed by inmates]. All submissions received by the Administrative Remedy Clerk, whether accepted or rejected, are entered into SENTRY.
>
> I have reviewed Petitioner's administrative remedy filings and located no relevant information. Petitioner has not filed any formal administrative remedies (BP-9s, BP-10s, or BP-11s) during his time in federal custody.

(doc. no. 4-1 at 2-3).

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact could find in favor of] the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 425 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010. These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact." As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

323 (1986).  If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247.  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously.  *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).  Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no [finder of fact could find in favor of] that party.  *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

<u>Analysis</u>

A district court has the authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241.  Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules ...." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  As a result, inmates must exhaust their administrative remedies in a procedurally correct manner.  *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

The declaration from Mr. Rosa constitutes competent summary judgment evidence demonstrating that petitioner has not pursued his administrative remedies with respect to the claim raised in his petition. As a result, it must be concluded there is no genuine dispute of material fact as to whether petitioner has exhausted his administrative remedies. The respondent is therefore entitled to judgment as a matter of law and the motion for summary judgment should be granted.

## Recommendation

The respondent's motion for summary judgment should be granted and this petition for writ of habeas corpus denied pursuant to Federal Rule of Civil Procedure 56.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 30th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge